**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

FREDERICK STEVENSON,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 07-CV-625-FHM

**OPINION AND ORDER**

Plaintiff, Frederick Stevenson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's July 26, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Volz was held May 15, 2007. By decision dated June 20, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 19, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 52 years old at the time of the hearing.  He has a college education with a degree in business administration education and formerly worked as an amusement park ride attendant.  He claims to have been unable to work since January 1, 1998, as a result of hypertension and stoke which occurred on or about July 6, 2004.  The ALJ determined that:

> [C]laimant has the residual functional capacity (RFC) for a limited range of light work.  He can lift less than 5 pounds with his left arm, but can lift 20 pounds with his right.  The left arm can do no pulling or pushing.  The claimant is able to stand/walk or sit for 6 hours during an 8-hour workday.

[R. 13].  The ALJ found that with these limitations Plaintiff is capable of performing his past relevant work as a ride attendant. [R. 15-16].  Further, based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with his limitations.  Thus the ALJ found that Plaintiff was not disabled at step four of the of the five-step evaluative sequence for determining whether a claimant is disabled and provided an alternative finding of non-disability at step five.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

Plaintiff asserts that the denial decision should be reversed because the ALJ failed to include all of Plaintiff's limitations in his residual capacity (RFC) assessment and made an improper credibility assessment.  In particular, Plaintiff argues that the ALJ failed to consider the side effects of his medications which he argues affected both the RFC analysis and the credibility analysis.

This case hinges on the ALJ's credibility decision.  Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990).  The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion."  *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001).  Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision."  Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

The ALJ noted Plaintiff's testimony, as follows:

> At the hearing, Mr. Stevenson said that spasms in his left arm and left groin happen continually.  His medications induce drowsiness and he sleeps for 1-2 hours during the day.  He said that he took one of his medications, Flexoril, each time he

> has a spasm. His left hand grip is weak and he has dropped gallon milk containers.

[R. 14]. The ALJ also noted that Plaintiff alleged an onset date of January 1, 1998. *Id.*

Concerning the onset date, the ALJ noted that there are no medical records in the file dated before July 9, 2004, the date Plaintiff sought treatment for what was diagnosed as a cerebrovascular accident, also called CVA or stroke. *Id.* The ALJ found that "[t]here is no medical support for [Plaintiff's] allegation of disability beginning in January 1998." [R. 15]. The Court notes that it appears that Plaintiff was performing some work until July 2004 as he described himself has having been a "self employed painter" from January 1998 to July 2004. [R. 107]. The medical records reflect that Plaintiff was roofing in July 2004 when he suffered the CVA that he claims rendered him unable to work. [R. 111, 117, 154]. In an entry dated August 17, 2006, the physician recorded that Plaintiff "has been painting outside." [R. 180].

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." [R. 15]. Plaintiff argues that this boilerplate language was not closely and affirmatively linked to substantial evidence. The Court disagrees.

As support for his credibility determination, the ALJ referred to the normal findings in the consultative examination performed by Dr. Owoso on November 1, 2004. *Id.* The ALJ also referred to lab test results and examinations showing that Plaintiff had normal strength and a stable gait with normal speed. *Id.* The ALJ did not give citations to all the points in the record which support his credibility determination, but there are many such normal findings.

On August 1, 2006, Plaintiff's treating physician noted that Plaintiff had suffered a CVA, but had symmetrical shrug and grip, he walked normally, had no gait disturbance and good strength. [R. 181]. Throughout the records from August 1, 2006, [R. 181], to May 21, 2007,[2] [R. 170], Plaintiff's treating physician noted Plaintiff's complaints of left foot and knee pain attributable to flat feet, but these same records reflect that Plaintiff had a normal gait and there are no findings or complaints of muscle weakness. These records reflect that the medications Hydrocodone and Flexeril were prescribed to Plaintiff, but there are no complaints of side effects, drowsiness, or fatigue. On January 29, 2007, the physician noted that the patient was doing well without medication side effects. [R. 172].

The ALJ did not address Plaintiff's complaints of medication side effects. However, as long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). In this case the ALJ made it clear that he did not believe Plaintiff's complaints about the extent of his limitations because they are not supported in the medical record. The ALJ thus set forth the specific evidence he relied upon in evaluating Plaintiff's subjective allegations. The ALJ's credibility determination is supported by substantial evidence in the record as there are no complaints of side effects in the medical record. The Court concludes therefore that the ALJ's credibility determination must be affirmed.

The finding that the ALJ's credibility analysis must be affirmed applies also to the ALJ's failure to include medication side effects in the RFC determination.

---

[2] There are no medical treatment records dated between October 2004 and August 2006.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 23rd day of December, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE